IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ignacio Sanchez, | ) | CASE NO. 1:15 CV 1060 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| Warden, Grafton Correctional Institution, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |

*Pro se* plaintiff Ignacio Sanchez, a state prisoner, filed this *in forma pauperis* civil rights action against the "Warden" of the Grafton Correctional Institution (GCI) pursuant to 42 U.S.C. § 1983, alleging he was subjected to cruel and unusual punishment as a result of being housed for eleven days in a cell with an inmate with whom he had previously fought at another prison.

Specifically, the plaintiff alleges he "got into a fight with inmate TAYLOR" on March 9, 2015. After his security level was raised from L-1 to L-2, he was transferred from Trumbull Correctional Camp to GCI on April 21, 2015. Two days later, Taylor was also "brought to Grafton" and placed in the same cell as the plaintiff. According to the plaintiff, "this alone caused [him] to suffer Punitive Damages." He alleges he "literally urinated in [his] pants," and that Taylor said to him, "let's finish what we started." The plaintiff alleges he wrote an informal complaint, waited one week and one day, and asked for a grievance form. Three days later, correctional officers "came and

took Taylor from the cell." The plaintiff does not allege that any further violence occurred while he was housed with Taylor at GCI, but he seeks $50 million in damages to compensate him "for the lack of sleep [in] living in fear for his life" he allegedly experienced while housed with Taylor, from April 23, 2015, to May 4, 2015.

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted; however, upon review his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Although *pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to dismiss any *in forma pauperis* action, and any action in which a prisoner seeks relief from a governmental officer or employee, that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Even according the plaintiff' complaint a liberal construction, he has failed to raise a plausible Eighth Amendment claim against the GCI Warden.[1] Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of inmates," including taking reasonable measures "to protect prisoners from violence at the hands of other prisoners"; however, prison officials do not violate a prisoner's rights under the Eighth Amendment every time a prisoner is subjected to harm by another inmate. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations omitted). Prison officials are liable under the Eighth Amendment only they act with "deliberate indifference" to a substantial risk of harm to an inmate. *See Lewis v. McClennan*, 7 Fed.

---

[1] In order to state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).

App'x 373, 375, 2001 WL 303334 (6th Cir. Mar. 20, 2001), quoting *Farmer v. Brennan*, 511 U.S. at 834; *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992) ("When a prison inmate alleges that prison officials failed to protect him from assault by another inmate, deliberate indifference on the part of the officials to the inmate's risk of injury must be shown.").

To raise a cognizable constitutional claim, an inmate must make a two-part showing. He must show that (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). Under the second, subjective component, "it is necessary to determine the [prison] official's state of mind." *Gibson*, 963 F.2d at 853. An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Bishop*, 636 F.3d at 766. That is, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 766-67. Mere negligence or lack of due care on the part of the prison official is not enough. *See McGhee v. Foltz*, 852 F.2d 876, 881 (6th Cir. 1988). Further, there is no liability under the Eighth Amendment if prison officials respond reasonably to a known risk. *Farmer*, 511 U.S. at 844.

The plaintiff's allegations do not raise a plausible claim that the GCI Warden knew of, and subjectively disregarded, a serious risk of harm to the plaintiff. The plaintiff's allegations do not plausibly suggest the Warden knew that Taylor posed a serious risk of harm to the plaintiff, or that he knew the two had fought at Trumbull Correctional Camp. Additionally, the plaintiff's allegations do not plausibly suggest the Warden subjectively disregarded a known risk to the plaintiff. His allegations do not suggest the Warden himself had any involvement in placing Taylor in a cell with the plaintiff at GCI. In short, the plaintiff has not alleged a plausible Eighth Amendment claim

against the Warden because the factual allegations in the complaint simply do not support reasonable inferences that the Warden knew of facts from which an inference of any specific risk of harm to the plaintiff existed, and drew such an inference and disregarded it. Rather, the plaintiff's allegations on their face suggest that GCI officials responded reasonably when notified of the risk presented by Taylor as he alleges Taylor was removed from his cell after he pursued a grievance.

## Conclusion

For the reasons stated above, the Court finds the plaintiff's complaint fails to state a plausible Eighth Amendment claim against the Warden and, accordingly, dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2] The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_/s/ Donald C. Nugent 9/3/15_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2]After he filed his complaint against the Warden, the plaintiff filed an "affidavit of truth," apparently seeking to add Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction as a defendant in the case. (*See* Doc. No. 3.) The plaintiff has alleged no plausible claim against Director Mohr, either. His complaint sets forth no unconstitutional conduct, or any conduct at all, on the part of Director Mohr. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant in order to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (holding that section 1983 liability cannot be based upon a theory of *respondeat superior* ).